# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:19-1086** |
| : | |
| v. : | **(JUDGE MANNION)** |
| : | |
| **ANGELO PARENTE,** | |
| **PARENTE'S RIVERVIEW PIZZERIA,**: | |
| : | |
| **Defendants** : | |

## MEMORANDUM

Pending before the court is the motion for default judgment, (Doc. 6), filed by plaintiff the United States, on behalf of its agency, the Department of Treasury, against defendants Angelo Parente and Parente's Riverview Pizzeria, pursuant to [Fed. R. Civ. P. 55(b)(2)](). Defendants have not appear or defended in this action seeking to recover an outstanding business disaster loan debt, and they did not file an opposition brief to the government's motion. For the reasons that follow, the court will **GRANT** the government's motion and, enter default judgment in its favor and against Defendants.

## I.  BACKGROUND

On June 25, 2019, the government filed its complaint with an attached exhibit, namely, Certificate of Indebtedness, indicating that defendant Angelo Parente, d/b/a Parente's Riverview Pizzeria of Hughestown, Pennsylvania, executed a promissory note and unconditional guarantee loan agreement on

February 2, 2012 with the U.S. Small Business Administration ("SBA") Disaster Assistance Processing and Disbursement Center for $29,900, with interest accruing at a rate of 4.00%. (Doc. 1-2).

The Certificate of Indebtedness then indicates that on February 21, 2012, the SBA gave defendants a total of $14,800, and defendants subsequenlty made payments on the loan totaling $3,742. The SBA applied that defendants' payments as follows, $2,869 to the principal and $872.82 to the interest.

On Janaury 8, 2014, defendants became delinquent on their loan obligation and owed a balance of $11,930.82.

On March 18, 2014, the SBA referred defendants' outstanding debt for collection purposes to the Treasury Department's Bureau of the Fiscal Service, Debt Management Services ("DMS"). However, DMS was not able to collect the delinquent debt from defendants.

Thus, on April 26, 2019, DMS referred the debt to the Department of Justice for litigation and collection of the delinquent amount due of $11,930.82, plus daily interest accruing at $1.31. As of April 26, 2019, defendants are indebted to the United States in the following amounts: Principal $11,930.82; Interest (@4.00%) $147.75; and Administrative fees $4,358.25. Thus, the total amount defendants owed the governement as of April 26, 2019 was $16,436.82. (Doc. 1-2).

In its complaint, the government avers that demand was made upon

2

defendants for the stated total amount due but this amount was not paid.

As relief, the government seeks the amount of $16,436.82, the allowed filing fee of $150, interest from the date of judgment at the legal rate of interest in effect on the date of judgment until paid in full, and costs.

After the defendants were served with the summons and complaint, (Doc. 4), they failed to answer or defend in a timely manner. Nor did either defendant enter an appearance in this case.

On August 29, 2019, the government filed a request for entry of default against defendants with an Affidavit in support from government's counsel attached as well as proof that defendants' were served with the summons and complaint. (Docs. 5, 5-1 & 5-2).

Since defendants failed to timely answer or otherwise plead with respect to the government's complaint, the clerk of court entered default against defendants on August 30, 2019, pursuant to [Fed. R. Civ. P. 55(a)](). (Doc. 8).

Also, on August 29, 2019, the government filed a motion for default judgment, with attached Affidavits of Service, pursuant to [Fed. R. Civ. P. 55(b)(2)](), seeking the sum certain of $16,597.95. (Doc. 6; Doc. 1-2). The government also filed a Verification with an attached Defense Military Authorization Verification indicating that defendants are not presently in the military. (Doc. 7). The government also attaches certificates of service indicating that defendants were served with its documents.

To date, defendants have neither responded to the government's

complaint nor to the default entered against them. Also, defendants have not responded to the government's motion for default judgment and the time within which to do so has expired. Further, counsel has not entered an appearance on defendants' behalf and defendants have not filed any document with this court regarding this case.

## II. DISCUSSION

Rule 55(a) provides that the clerk must enter a party's default when the defendant has failed to plead or otherwise defend an action seeking affirmative relief, as shown by affidavit or otherwise. "Once the Clerk enters default, if the claim is not for a sum certain as contemplated by Federal Rule 55(b)(1), then 'the party must apply to the court for a default judgment.'" Reser's Fine Foods, Inc. v. Van Bennett Food Co., Inc., 2015 WL 6103637, *2 (E.D.Pa. Oct. 16, 2015) (citing Fed. R. Civ. P. 55(b)(2)); *see also* Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (Third Circuit noted that only after the clerk has entered a default under Rule 55(a) may the court entertain a motion for default judgment under Rule 55(b)(2)). Entry of default judgment is within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). A district court's refusal to enter default judgment will be subject to review under the abuse of discretion standard. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). If the court determines that

4

defendant is in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc. Civ. §2688 (3d ed.)).

### A. Default Judgment

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Reser's Fine Foods, 2015 WL 6103637, *2 (citations omitted). In this case, the court has jurisdiction under 28 U.S.C. §1345 which provides that federal district courts "have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." *See* U.S. v. Tyler, 528 Fed.Appx. 193 (3d Cir. 2013). The court also finds that it has personal jurisdiction over defendants because they both are located in Pennsylvania and in this district. Venue is also proper in this court under 28 U.S.C. §1391. (Doc. 1). The government has satisfied the technical requirements for the court's entry of default judgment. The government personally served defendants with a copy of the summons and complaint by personally serving Angelo Parente. (Doc. 6-2).

The court also finds that the government complied with Fed.R.Civ.P. 4, for properly serving defendant Parente Riverview Pizzeria by personally

serving its owner, Angelo Parente. Defendants did not serve an answer on the government, as required by Fed. R. Civ. P. 12(a)(1). Nor have defendants appeared or otherwise defended the case. The clerk of court has entered default upon the government's motion for entry of default, which was accompanied by the sworn Affidavit of Rebecca A. Solarz, Esq., counsel for the government. (Doc. 5-1).

Next, the court finds that the government has established a valid cause of action against defendants for their default on their promissory note and loan agreement with the SBA based on the government's complaint and exhibit. Defendants executed a promissory note and guarantee loan agreement with the SBA, the SBA performed its obligations under the agreement by disbursing a total of $14,800 to defendants, the defendants have breached their obligations by becoming delinquent on their obligation on January 8, 2014 by failing to pay the SBA the amount of $11,930.82, which is due and owing under the agreement. (Doc. 1-2).

Since the court has found that the government has alleged a valid claim against defendants, the court must next consider the three Chamberlain factors to determine if a default judgment is appropriate. The three factors annunciated in Chamberlain, 210 F.3d at 164, are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *See also* United States v. $55,518.05 in U.S. Currency, 728 F.2d

192, 195 (3d Cir. 1984).

Initially, "[p]rejudice to the plaintiff exists where denial of a default judgment would 'impair the plaintiff's ability to effectively pursue his or her claim.'" Reser's Fine Foods, 2015 WL 6103637, *4 (citations omitted). "Where, as here, a defendant fails to respond to the complaint, the potential delay threatens to carry on indefinitely, and that potential delay establishes prejudice to the plaintiff." *Id*. It is also evident that defendants' continued failure to pay the amount owed to the SBA has harmed the agency since it has been deprived of its money used for disaster assistance and the repayment of the money owed to the SBA has been delayed. Since the court finds that the government will be prejudiced if default judgment is denied, the court concludes that the first factor weighs in the government's favor.

Second, defendants have failed to respond to the government's complaint. Nor have defendants asserted any substantive defense to the government's claim for breach of the Note and loan agreement. Defendants did not file any brief in opposition to the government's instant motion. Thus, defendants appear not to contest that the stated amount is due to the government. Indeed, "the court may presume that an absent defendant who has failed to answer has no meritorious defense." *Id*. (citation omitted). As such, the court finds that defendants have no litigable defense to the government's claim; thus, the second factor weighs in the government's favor.

In order to prove defendants' culpability, "more than mere negligence

must be demonstrated." Nationwide, 175 F. App'x at 523 (quotations omitted). "Reckless disregard for repeated communications from plaintiffs and the court" may be sufficient to demonstrate culpability. *Id*. (quoting Hritz, 732 F.2d at 1183). Here, defendants did not answer, appear, or plead in response to the government's summons and complaint; the government's motion for default and entry of default; and the government's motion for default judgment. Defendants' refusal to engage in this litigation rises to the level of reckless disregard in light of the repeated failure to respond to filings in this case and it establishes defendants' culpability. Moreover, "the defendant's failure or refusal to 'engage[ ] in the litigation process and [to] offer[ ] no reason for this failure or refusal' may 'qualif[y] as culpable conduct with respect to the entry of a default judgment—indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.'" Reser's Fine Foods, 2015 WL 6103637, *4 (citations omitted).

Therefore, based on the three Chamberlain factors, default judgment against defendants is warranted in this case. *See* United States v. Sunday, 2019 WL 2643262 (M.D.Pa. June 27, 2019).

**B.   Amount of Judgment**

With respect to the actual amount owed to the government, "[a]lthough the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless

the amount of damages is certain." Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc., 808 F. Supp. 2d 89, 94 (D.D.C. 2011). In the motion for default judgment, the government requests judgment against defendants in the total amount of $16,597.95, plus post-judgment interest accruing at the legal rate until paid in full.

In Reser's Fine Foods, 2015 WL 6103637, *4, the court discussed damages in the context of a motion for default judgment and stated:

> If the court determines that the plaintiff has stated a cause of action, it must then assess damages." [Joe Hand Promotions, Inc. v. Yakubets, 3 F.Supp.3d 261, 270-71 (E.D.Pa. 2014)]. "The court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" Spring Valley Produce, Inc. v. Stea Bros., 2015 WL 2365573, at *3 (E.D. Pa. May 18, 2015) (quoting Star Pacific Corp. v. Star Atlantic Corp., 574 Fed.Appx. 225, 231 (3d Cir. 2014)). Rule 55(b)(2) provides that the court "may conduct hearings" when it needs to determine the amount of damages. However, "[i]f the court can determine the amount of damages to be awarded based on affidavits or other evidentiary materials, '[t]he Court is under no requirement to conduct an evidentiary hearing with testimony.'" Id. at 271 n.8 (quoting E. Elec. Corp. of N.J. v. Shoemaker Constr. Co., 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009)).

In this case, there is no doubt that the government's claim is for a liquidated sum in the amount of $16,597.95 and the government's exhibits sufficiently demonstrate that defendants owe the government this amount due to their default and breach of the Note and loan agreement.

As stated above, since this court has found that it can ascertain the amount of the government's damages with reasonable certainty based on the

9

evidentiary materials submitted by the government, it is not required to conduct an evidentiary hearing with testimony. Thus, the court declines to conduct a hearing as to the amount of damages.

## III. CONCLUSION

For the reasons discussed above, the government's motion for entry of default judgment against defendants, (Doc. 6), will be **GRANTED**. **JUDGMENT** in the amount of $16,597.95 will be **ENTERED** in favor of the United States and against defendants. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 8, 2019**
19-1086-01.wpd